1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    CARPENTERS PENSION TRUST FUND          Case No. 20-cv-01778-EMC
     FOR NORTHERN CALIFORNIA, et al.,
8
                  Plaintiffs,              ORDER GRANTING CROSS-
9                                          CLAIMANT HERNANDEZ'S MOTION
            v.                             FOR DEFAULT JUDGMENT AGAINST
10                                         CROSS-DEFENDANT MCKEAGUE
     MARCELLINA HERNANDEZ, et al.,
11                                         Docket No. 53
                  Defendants.
12

13

14         Plaintiffs are the Carpenters Pension Trust Fund for Northern California and the

15   Carpenters Annuity Trust Fund for Northern California ("Trust Funds").  They initiated this action

16   by filing an interpleader complaint against Defendants Marcellina Hernandez and Charlotte

17   McKeague.  The gist of the suit was that the Trust Funds had in their possession certain benefits

18   belonging to decedent Michael Sanchez Hernandez; that the Trust Funds had no interest in the

19   benefits other than complying with their obligation to pay the benefits to the proper beneficiary;

20   and that Defendants had a dispute as to who is the proper beneficiary – *i.e.*, Ms. Hernandez (his

21   mother) or Ms. McKeague (his girlfriend).  In November 2020, the Court granted the Trust Funds'

22   motion for default judgment against Ms. McKeague and ordered that the Trust Funds deposit the

23   checks representing Mr. Hernandez's pension and annuity benefits with the Court.  *See* Docket

24   No. 31 (order).  After the Trust Funds did so, the Court dismissed the Trust Funds from the case,

25   which left only Ms. Hernandez's cross-claim against Ms. McKeague.  *See* Docket No. 41 (order).

26         Subsequently, Ms. Hernandez served her cross-claim on Ms. McKeague.  *See* Docket No.

27   46 (proof of service).  After Ms. McKeague did not respond, the Clerk of the Court entered Ms.

28   McKeague's default.  *See* Docket No. 51 (notice).  Ms. Hernandez has now moved for a default

1    judgment against Ms. McKeague.  Ms. McKeague did not file an opposition to the motion for

2    default judgment, nor did she make an appearance at the hearing on the motion.  Having

3    considered Ms. Hernandez's papers as well as Ms. McKeague's lack of opposition and failure to

4    appear, the Court **GRANTS** the motion for default judgment.

## I.    DISCUSSION

6    A.    Service of Summons and Complaint

7        As an initial matter, the Court considers the matter of service of the summons and

8    complaint on Ms. McKeague.  Ms. Hernandez made four attempts to personally serve Ms.

9    McKeague at an address in Fairfield, California, before being told that Ms. McKeague did not

10   reside there.  *See* Durham Decl., Ex. A (nonservice report).  Ms. Hernandez then found a new

11   address associated with Ms. McKeague in La Grange, California.  *See* Durham Decl. ¶ 3.  She

12   made two attempts to serve at the La Grange address without any success.  *See* Durham Decl., Ex.

13   B (declaration of diligence).  On the third attempt, the summons and complaint were left with

14   "Jane Doe," a competent member of the household at least 18 years of age.  The summons and

15   complaint were thereafter mailed to Ms. McKeague at the same address.  *See* Docket No. 46

16   (proof of service).

17       The Court finds that service of process was proper.  Federal Rule of Civil Procedure 4(e)

18   provides that an individual may be served "following state law."  Fed. R. Civ. P. 4(e)(1).

19   California law allows for substituted service "[i]f a copy of the summons and complaint cannot

20   with reasonable diligence be personally delivered to the person to be served."  Cal. Code Civ.

21   Proc. § 415.20(b).  Here, Ms. Hernandez has sufficiently shown that the summons and complaint

22   could not with reasonable diligence be personally served on Ms. McKeague.  *See Bd. of Trs. of*

23   *Leland Stanford Junior Univ. v. Ham*, 216 Cal. App. 4th 330, 337 (2013) (stating that, "in order to

24   avail oneself of substituted service under section 415.20, [t]wo or three attempts to personally

25   serve a defendant at a proper place ordinarily qualifies as reasonable diligence") (internal

26   quotation marks omitted).  She was thus permitted to rely on substituted service.  Ms. Hernandez

27   has also demonstrated that she complied with the requirements of substituted service.  *See* Cal.

28   Code Civ. Proc. § 415.20(b) (requiring that documents be left "at the person's dwelling house,

United States District Court
Northern District of California

1    usual place of abode, [etc.] in the presence of a competent member of the household . . . at least 18

2    years of age" and then mailed "to the person to be served at the place where a copy of the

3    summons and complaint were left").

4        Because the summons and complaint were properly served on Ms. McKeague, the Court

5    now turns to the merits of the motion for default judgment.

6    B.    <u>Merits of Motion for Default Judgment</u>

7        The Clerk of the Court entered Ms. McKeague's default on March 30, 2021.  *See* Docket

8    No. 51 (notice).  After entry of default, a court may grant a default judgment on the merits of the

9    case.  *See* Fed. R. Civ. P. 55.  "The district court's decision whether to enter a default judgment is

10   a discretionary one."  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.1980).  A court may

11   consider the following factors in exercising such discretion:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of
> plaintiff's substantive claim, (3) the sufficiency of the complaint, (4)
> the sum of money at stake in the action, (5) the possibility of a
> dispute concerning material facts, (6) whether the default was due to
> excusable neglect, and (7) the strong policy underlying the Federal
> Rules of Civil Procedure favoring decisions on the merits.

16   *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Because default has already been

17   entered in this case, the Court must construe as true all of "the factual allegations of the [cross-

18   claim], except those relating to the amount of damages."  *TeleVideo Sys., Inc. v. Heidenthal*, 826

19   F.2d 915, 917-18 (9th Cir. 1987).  The Court may also consider evidence submitted in conjunction

20   with the motion for default judgment.  *Cf.* Fed. R. Civ. P. 55 (noting that a "court may conduct

21   hearings . . . when, to enter or effectuate judgment, it needs to [*e.g.*] establish the truth of any

22   allegation by evidence" or "investigate any other matter").

23       The Court finds that the *Eitel* factors weigh in favor of granting default judgment.  For

24   example, as to the first factor, if the motion for default judgment were to be denied, then Ms.

25   Hernandez would likely be prejudiced as she could not move forward with this litigation.  *See*

26   *Walters v. Shaw/Guehnemann Corp.*, No. 03-cv-04058, 2004 U.S. Dist. LEXIS 11992, at *7 (N.D.

27   Cal. Apr. 15, 2004) ("To deny plaintiff's motion [for default judgment] would leave them without

28   a remedy.  Prejudice is also likely in light of the merits of their claims."); *Pepsico, Inc. v. Cal. Sec.*

United States District Court
Northern District of California

1    *Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) ("If Plaintiffs' motion for default judgment is

2    not granted, Plaintiffs will likely be without other recourse for recovery.").

3         As for the fourth *Eitel* factor, Ms. Hernandez does not seek any money damages from Ms.

4    McKeague directly; rather, she simply asks that she be awarded Mr. Hernandez's pension and

5    annuity benefits as she, and not Ms. McKeague, is the proper beneficiary.  *See Pepsico*, 238

6    F.Supp.2d at 1176 (stating that "the court must consider the amount of money at stake in relation

7    to the seriousness of Defendant's conduct").

8         As to the fifth, sixth, and seventh *Eitel* factors, because Ms. McKeague has not filed an

9    answer to the cross-claim, there is nothing to suggest that there is a possibility of a dispute

10   concerning material facts.  Nor is there any indication that Ms. McKeague's default was due to

11   excusable neglect.  And while public policy favors decisions on the merits, *see Eitel*, 782 F.2d at

12   1472, Ms. McKeague's choice not to defend this action renders a decision on the merits

13   "impractical, if not impossible."  *PepsiCo*, 238 F. Supp. 2d at 1177.

14        Finally, on the second and third *Eitel* factors – *i.e.*, the merits of Ms. Hernandez's

15   substantive claim and the sufficiency of that claim – the Court takes the well-pled allegations in

16   the cross-claim as true.  With that predicate, Ms. Hernandez has sufficiently shown that she, and

17   not Ms. McKeague, is the proper beneficiary.  Ms. Hernandez has alleged that: (1) Mr. Hernandez

18   named her as the beneficiary in May 2005; (2) she remained the beneficiary through the date of his

19   death in October 2018; and (3) Ms. McKeague submitted a fraudulent change-of-beneficiary form

20   to the Trust Funds without Mr. Hernandez's knowledge or consent – specifically, "while Mr.

21   Hernandez was unconscious, incapacitated[,] and a mere few hours from death."  Cross-Claim ¶

22   23.

23        Accordingly, the Court grants Ms. Hernandez's motion for default judgment.

24   C.   Relief

25        The only issue remaining is what relief should be issued.  In her supplemental brief, Ms.

26   Hernandez states that she no longer seeks attorney's fees and that the only relief she seeks is (1) to

27   be declared the proper beneficiary and (2) to be awarded the benefits at issue.  The Court finds this

28   relief appropriate.

United States District Court  
Northern District of California

## II.     CONCLUSION

For the foregoing reasons, the Court grants the Ms. Hernandez's motion for default judgment and orders as follows:

    a.  Ms. Hernandez is the proper beneficiary of Mr. Hernandez's benefits.

    b.  Ms. Hernandez is awarded those benefits (both pension and annuity).

    c.  The Clerk of the Court is ordered to release to Ms. Hernandez the funds deposited with the Court by the Trust Funds (representing Mr. Hernandez's benefits).  *See* Docket No. 40 (indicating deposit of $76,882.32 and $59,625.01).  Counsel for Ms. Hernandez shall contact the Clerk of the Court to obtain the funds on behalf of Ms. Hernandez.

This order disposes of Docket No. 53.

Ms. Hernandez is directed to serve this order on Ms. McKeague and to file a proof of service certifying that service has been made.

The Clerk of the Court is ordered to enter a final judgment in accordance with the above and close the file in this case.


**IT IS SO ORDERED**.


Dated: June 10, 2021

_____
EDWARD M. CHEN
United States District Judge